IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERON MICHAEL SPIVEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No.4:21-CV-1179-Y |
| | § | |
| BOBBY LUMPKIN, | § | |
| Director, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

### OPINION AND ORDER DENYING
### PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by petitioner, Eron Michael Apivey, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice, against the director of that division, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time barred.

### I. Background and Procedural History

Spivey is in custody under a judgment of conviction for capital murder of a person under ten years of age in cause number 1443186D in the 297th Judicial District Court, Tarrant County, Texas, styled *The State of Texas v. Eron Michael Spivey*. (CR 105-06 (Judgment),doc. 15-10.)[1] On April 18, 2016, a grand jury, in a three-count indictment, indicted Spivey for capital murder of a person under the age of ten, murder, and injury to a child, with notice of a deadly-weapon finding.(*Id.* 4-5;

---

[1] "CR" refers to the Clerk's Record of papers filed in the trial court and followed by the page number(s). (Doc. 15-10.) "RR" refers to the statement of facts of the trial proceedings in the Reporter's Record, preceded by the volume number and followed by the page number(s). (Docs. 15-11 through 20.) "SHR" refers to the electronically filed state court habeas record, followed by the writ number and page number. *See generally, Ex parte Spivey*, No. 91,390-01.

6-7(Indictment).) Spivey was tried before a jury on a plea of not guilty, and after hearing the evidence and arguments of counsel, the jury found Spivey guilty of capital murder, person under the age of ten as alleged in the indictment, and that he used a deadly weapon. (*Id.* 96, 10.) On July 25, 2017, Spivey was sentenced to imprisonment for life.(*Id.* at 105 (Judgment).)

On April 25, 2019, the Second Court of Appeals of Texas affirmed Spivey's conviction in an unpublished opinion. See *Spivey v. State*, No. 02-17-00238-CR, 2019 WL 1848720 (Tex. App. Apr. 25, 2019). Spivey's petition for discretionary review ("PDR"), was refused by the Texas Court of Criminal Appeals ("TCCA") on August 21, 2019. See *Spivey v. State*, PDR No. 520-19; https://search.txcourts.gov/Case.aspx?cn=PD-0520-19&coa=coscca.

On December 12, 2019, Spivey signed an application for a state writ challenging his conviction.(SHR-01 at 12, doc.15-26.) On August 19, 2020, the TCCA denied the writ without written order on the findings of the trial court without a hearing and on the court's independent review of the record.(SHR-01, Order Adopting State's Findings and Conclusions, at 163, doc. 15-26; SHR-01, "Action Taken" doc. 15-21.) Spivey, on November 19, 2020, filed a petition for writ of certiorari in the United States Supreme Court, which was denied on May 17, 2021. See *Spivey v. Texas*, 141 S. Ct. 2638 (2021). With the assistance of counsel, Spivey filed the instant federal petition for relief under § 2254 on October 26, 2021.(Pet. 1, doc. 1.) In his grounds for relief, Spivey asserts a violation of his right to due process of law because (1) the state failed to present sufficient evidence to sustain the conviction, (2) he was arrested without probable cause, and (3) law enforcement failed to administer the warnings required by *Miranda v. Arizona*, 384 U.S. 436 (1966), before conducting a custodial interrogation during which he made inculpatory statements.(Pet. 8-9, doc.1.) Respondent asserts that the § 2254 petition should be dismissed as untimely under the federal

statute of limitations.² (Resp. Answer 7-16, doc. 14.)

## II. Statute of Limitations

Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Spivey should have been aware of all of the grounds asserted prior to his final judgment date.

---

²Because the Court will resolve this § 2254 petition on the basis that it is barred by the applicable statute of limitations, the Court does not include a statement of facts.

Thus, the statute of limitations runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" as listed in § 2244(d)(1)(A). Spivey's conviction was affirmed on direct appeal on April 25, 2019. See *Spivey*, 2019 WL 1848720. Spivey's PDR was later refused on August 21, 2019. See *Spivey v. State*, PDR 520-19. Under 28 U.S.C. § 244(d)(1)(A), therefore, the time for seeking direct review expired November 19, 2019, when the time expired for filing a petition for writ of certiorari in the United States Supreme Court. *See* Sup. Ct. R. 13.1; *see Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (finality determined by when time for filing further appeal expires). Spivey did not file a petition for writ of certiorari after the PDR was refused. (Pet. 18, doc. 1.) Thus, the one-year limitation period for filing a federal petition began no later than November 19, 2019, and ended one year later on November 19, 2020, unless he had a properly-filed application for state post-conviction or other collateral review that tolled the running of the limitations period. *See* 28 U.S.C. § 2244(d)(2); *see Artuz v. Bennett*, 531 U.S. 4 (2000).

In the instant case, Spivey executed his state writ application on December 12, 2019. (SHR-01, 28, doc. 15-26.) That application was later denied on August 19, 2020, without written order on the findings of the trial court, without a hearing, and on the court's own independent review. (*Id.,* "Action Taken," doc. 15-21.) Thus, the state writ application was pending and provides tolling for 252 days. Accordingly, when 252 days are added to the one-year-grace-period filing deadline of November 19, 2020, the new deadline for Spivey to have timely sought relief through a federal § 2254 writ petition was July 29, 2021.

The Court notes that following the denial of his state writ application, Spivey filed a petition for writ of certiorari on November 19, 2020, which was denied May 17, 2021. *Spivey v. Texas*, No.

20-7356; (Pet. 18-19, doc. 1.) Although Spivey argued that his filing of a petition for a writ of certiorari extended his deadline, the Supreme Court has rejected that argument and held that the § 2244(d)(2) tolling for a state writ application does not include the pendency of a certiorari petition to the Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007)("We hold that [a state application is not still 'pending'] when the "state courts have entered a final judgment on the matter but a petition for certiorari has been filed in this Court.")

Therefore, when Spivey filed this § 2254 federal petition on October 26, 2021, it was outside the limitations period by nearly ninety days. Thus absent any application of another limitations provision, equitable tolling, or a viable claim of actual innocence, Spivey's § 2254 petition is untimely.

### A.     The Other Limitations Provisions Do Not Apply

As noted, the limitations provision has other possible dates for the commencement of the one-year period. Spivey, however, does not argue for a later limitations start date. Further, the record does not reflect that any unconstitutional "State action" impeded Spivey from filing for federal habeas-corpus relief prior to the end of the limitations period. See 28 U.S.C. § 2244(d)(1)(B). And Spivey's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(c). Morevoer, Spivey has not shown that he could not have discovered the factual predicate of his claims until a date subsequent to the dates his convictions became final. *See* 28 U.S.C. § 2244(d)(1)(D). In fact, the claims he relies on were available to him, at the very latest, when his judgment became final on November 19, 2019.

Thus, none of the other limitations provisions (§ 2244(d)(1) (B) through (c)) are applicable

to Spivey's history, and his § 2254 petition is filed more than one-year after his judgment became final under § 2244(d)(1)(A).

### B. Spivey Has not Shown He is Entitled to Equitable Tolling

For equitable tolling to apply, a petitioner must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented him from filing a timely petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010)(quoting *Pace v. DiGuglielmo,* 544 U.S. 408 (2005)). "Equitable tolling applies . . . where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Grooms v. Johnson*, 208 F.3d 488,489-90 (5th Cir. 1999)(citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). The State did not mislead Spivey. The petitioner bears the burden of proving himself entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). "In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief." *Coleman v. Johnson*, 184 F.3d at 403. "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (citing *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

The Fifth Circuit has explained that

> "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). Equitable tolling will be granted in "rare and exceptional circumstances," *id*. at 811, and will not be granted if the applicant failed to diligently pursue his rights, *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "Equitable tolling applies principally when the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

*Larry v. Dretke*, 361 F.3d 890, 896–97 (5th Cir. 2004). No rare and exceptional circumstances are

presented here to excuse Spivey's belated filing. *See Flanagan v. Johnson*, 154 F.3d 196, 198–99 (5th Cir. 1998)(petitioner's failure to discover the significance of the operative facts does not constitute cause). Spivey argues that his petition for writ of certiorari following the denial of his state writ application should toll the limitations period. (Pet. 18-1, doc. 1.) As noted above, however, the law on this question is settled. Because the statutory tolling provision for the pendency of a state habeas-corpus application (§ 2244(d)(2)) explicitly limits tolling to state-court review of that application, the statute of limitations is not tolled while the petitioner pursues a petition for writ of certiorari following the state courts' denial of a habeas application. *See Lawrence*, 549 U.S. at 332, 336.

To the extent Spivey may rely on his lack of legal understanding to excuse his delay, it is well settled in this circuit that ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse prompt filing. *See Felder*, 204 F.3d 168, 171 (5th Cir. 2000); *Fisher*, 174 F.3d at 714; *Davis v. Johnson*, 158 F.3d 806, 808-12 (5th Cir. 1998); *see United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993)(neither an inmate's illiteracy, deafness, or lack of legal training amounts to factors external to the inmate to excuse an abuse of the writ); *Moore v. Roberts*, 83 F.3d 699, 704 (5th Cir. 1996)(a petitioner's lack of interest in challenging prior convictions was not cause to excuse a procedural default).

In sum, Spivey has not shown that he is entitled to equitable tolling of the limitations period.

### C. Spivey Does not Satisfy the Actual-Innocence Exception

Spivey asserts that he meets the "actual innocence" exception to the statute of limitations contained in the Antiterrorism and Effective Death Penalty Act. Review shows that Spivey does not make a sufficient showing of actual innocence to meet this exception.

In *McQuiggin v. Perkins,* the Supreme Court held a prisoner filing a first-time federal habeas petition could overcome the one-year statute of limitations in § 2244(d)(1) upon a showing of "actual innocence" under the standard in *Schlup*. See *McQuiggin v. Perkins,* 569 U.S. 383, 398 (2013); *Schlup v. Delo*, 513 U.S. 298, 314–16 (1995)(a petitioner must show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.") To successfully open the actual-innocence "gateway", a petitioner must present " 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *McQuiggin*, 569 U.S. at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). A habeas petitioner who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 326–27; *see also House v. Bell*, 547 U.S. 518 (2006)(discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*).

In this context, newly discovered evidence of a petitioner's "[a]ctual innocence" refers to factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623–24 (1998)(citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). "A prototypical example of 'actual innocence' in a colloquial sense is the case where the State has convicted the wrong person of the crime." *Sawyer*, 505 U.S. at 340. And while diligence is not a discrete requirement, the timing of the federal habeas petition bears on the credibility of the evidence proffered to show actual innocence. *See McQuiggin*, 569 U.S. at 399–400. Ultimately, "[t]he miscarriage of justice exception

. . . applies to a severely confined category" of otherwise untimely claims. *Id*. at 395.

In the instant case, Spivey fails to offer "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324 (internal citation omitted). The Court understands Spivey to assert that the lack of an investigation into the victim's mother constitutes "exculpatory evidence that demonstrates his actual innocence" that trial counsel failed to discover or present. (Reply 4, doc. 16; Pet. 24, doc. 1.) Spivey further relies on a circuit split concerning what constitutes "new" evidence—whether the evidence must be "newly discovered" or "newly presented"—and that the Fifth Circuit has not weighed in on this split. See *Fratta v. Davis*, 889 F.3d 225, 232 (5th Cir. 2018). That the Fifth Circuit has not weighed in, however, is inconsequential because the nature of the police investigation at issue in this case is neither newly discovered nor newly presented.

Spivey was aware of his claim of a limited investigation at the time of trial, as attested to by his trial attorneys in affidavits from the state habeas proceeding.(SHR-01, Attorney Affidavit 125, doc. 15-26); *see Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)(Evidence is not "new" where "it was always within the reach of [petitioner's] personal knowledge or reasonable investigation."). Specifically, defense counsel Roger Heath stated: "Trial counsel believed, and continues to believe, the mother is at least as likely to have had involvement in the child's death as [Spivey], if not more. In anticipation of trial and trial strategy fully discussed with [Spivey], trial counsel fully, through trial testimony and multiple exhibits, was able to put forth evidence of the child's prior injuries as well as attack the investigating officer's testimony." (SHR-01, Attorney Affidavit 125, doc. 15-26.) Spivey therefore has not shown that any inadequacy in the investigation of the victim's mother constitutes new evidence.

Furthermore, even if the limited investigation was "new" evidence, that evidence is not "so strong" that it undermines confidence in the jury's verdict. The Fifth Circuit recently reaffirmed that:

> [T]he "gateway actual innocence standard is 'demanding' and satisfied only in the 'rare' and 'extraordinary' case where "a petitioner presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'"

*Mendoza v. Lumpkin*, No. 21-20501, 2022 WL 4657188, at *3 (5th Cir. Aug. 25, 2022) (citing *McQuiggin*, 569 U.S. at 386, 401 (internal quotations marks and citations omitted)). Spivey argues that the evidence pointed to the victim's mother being "an accomplice, at minimum." (Pet. 24, doc. 1.) The existence of a possible accomplice is not, as Spivey claims, "exculpatory evidence that demonstrates his actual innocence." (Reply 4, doc. 16.)

Spivey's alleged new evidence of innocence is insufficient to demonstrate that it is more likely than not that no reasonable juror would have convicted him in light of the newly presented evidence. Since Spivey fails to present any new, reliable evidence sufficient to impact a reasonable juror's verdict, he cannot meet the statute-of-limitations exception recognized in *McQuiggin*.

### III. Conclusion

For the reasons discussed, petitioner Eron Michael Spivey's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED with prejudice as time barred. All pending motions not previously ruled upon are DENIED.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court

denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

    SIGNED September 20, 2022.

*Terry R. Means* (signature)
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE